1  ROB BONTA
   Attorney General of California
2  JON S. ALLIN
   Supervising Deputy Attorney General
3  JEREMY DUGGAN
   Deputy Attorney General
4  State Bar No. 229854
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone: (916) 210-6008
     Fax: (916) 324-5205
7    E-mail: Jeremy.Duggan@doj.ca.gov
   *Attorneys for Defendant*
8  *J. Burnes and Non-Party California Department of*
   *Corrections and Rehabilitation*
9
                    IN THE UNITED STATES DISTRICT COURT
10
                   FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

12

13

14  **DORA SOLARES,**                    No.

15                          Plaintiff,   (E.D. Cal. No. 1:21-CV-01349-JLT-BAM)

16       **v.**                          **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES IN SUPPORT OF**
17  **JOSEPH BURNES, et al.,**           **MOTION TO QUASH SUBPOENAS**

18                          Defendants.

19

20

21        On November 6, 2024, Plaintiff's counsel sent two subpoenas, one directed to

22  third party California Department of Corrections and Rehabilitation (exhibit A), and

23  one directed to third party Erik Beam (exhibit B), to counsel for Defendant Burnes.

24  Proofs of service attached to the subpoenas state that the subpoenas were served on

25  November 5, 2024.

26        The subpoenas are improper and should be quashed. On November 5, 2024,

27  Plaintiff filed a motion for leave to amend the complaint to add claims against non-

28  party Beam. The subpoenas seek information related to those claims. But the

                                          1

complaint has not yet been amended, so the information sought is not relevant to the operative claims.  The subpoenas therefore subject the non-parties to an undue burden, and should be quashed.

In addition, under Federal Rule of Civil Procedure 45(a)(4), Plaintiff was required to serve notice of the subpoenas on Defendant before the subpoenas were served on the non-parties.  Plaintiff did the opposite, serving the subpoenas first, and then sending them to Defendant's counsel.  Because Plaintiff violated the federal rules in serving the subpoenas first, the subpoenas should be quashed.

Third, as to Beam, the subpoena requires compliance more than 100 miles from where he resides, is employed, or regularly transacts business in person.  The subpoena to Beam should be quashed for that additional reason.

## I.    THE SUBPOENAS SUBJECT the NON-PARTIES to an UNDUE BURDEN.

On November 5, 2024, Plaintiff filed a motion in this matter seeking leave to amend the complaint to add Erik Beam as a Defendant.  (Motion for Leave to Amend, ECF No. 41.)  Defendant opposes the motion, and asserts that the claims against Beam should be brought in a separate lawsuit.  The motion remains pending.

Plaintiff's subpoenas seek discovery into the same unpleaded claims against Erik Beam that Plaintiff is seeking to add to this case.  (*See* Subpoena to CDCR at 4 (Exhibit A); Subpoena to Beam at 1 (Exhibit B).)  Where a third-party subpoena seeks information irrelevant to the claims, it places an undue burden on the respondent and should be quashed.  *See, e.g., Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 503 & 507 (E.D. Cal. 2012) (quashing subpoena in part due to irrelevance).  The discovery sought as to Beam is irrelevant to the operative claims in this matter.  Plaintiff's unpleaded claims against Beam assert events at a different prison and do not involve the only current Defendant, Burnes.  (Pl.'s Proposed Amended Complaint at 3, 6, ECF No. 41-2.)

Pursuing these irrelevant subpoenas is prejudicial to Defendant Burnes and to Beam. Defendant Burnes would be required to depose a witness whose role and interest in the case has not been established. And Beam would be subjected to a deposition despite the information sought being irrelevant to the operative claims. The subpoenas should be quashed because the information sought is irrelevant, and therefore the subpoenas place an undue burden on the non-parties.

Even if Plaintiff's motion for leave to amend is granted (and it has not been), the subpoenas would still be an improper attempt to avoid the requirement of Federal Rule of Civil Procedure 26(d) that a party "may not seek discovery from any source before the parties have conferred as required by rule 26(f)." Discovery as to the proposed claims against Beam should not proceed until the claims against him are set, whether that takes place in this matter or another. That is particularly true because Plaintiff has missed the deadline for seeking leave to amend in this matter. (*See* Scheduling and Docket Control Order, ECF No. 35 (setting deadline to file motions to add parties as September 27, 2024).)

Because Plaintiff's subpoenas seek discovery into matters which are not currently part of this case, and may never be part of this case, the subpoenas place an undue burden on the non-party respondents, and should be quashed.

**II.   PLAINTIFF FAILED TO PROVIDE NOTICE TO DEFENDANT BEFORE SERVING THE SUBPOENAS.**

Federal Rule of Civil Procedure 45(a)(4) requires that before serving a subpoena commanding the production of documents, "a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Where a party fails to do so, the subpoena should be quashed. *See Deuss v. Siso*, No. 14-cv-00710-YGR (JSC), 2014 U.S. Dist. LEXIS 121464, at *11 (N.D. Cal. Aug. 29, 2014) (quashing subpoenas due to violation of Rules 45(a)(4) and 26(d).)

Plaintiff's subpoenas both purport to command production of documents. (Subpoena to CDCR at 1 (exhibit A); Subpoena to Beam at 1 (exhibit B).) Plaintiff

1  was therefore required to provide notice to Defendant *before* serving the subpoena

2  under rule 45(a)(4).  Plaintiff failed to do so.  Instead, Plaintiff's counsel emailed

3  the subpoenas to Defendant's counsel the day after they were purportedly served.

4  (*See* Email from Plaintiff's Counsel (exhibit C).)  Plaintiff failed to provide

5  Defendant with the required notice, and the subpoena should be quashed.

6  **III.  THE SUBPOENA TO BEAM REQUIRES COMPLIANCE BEYOND 100 MILES.**

7        Plaintiff's subpoena to Erik Beam purports to require compliance at 3435

8  Wilshire Boulevard in Los Angeles California.  (Subpoena to Beam at 1 (exhibit

9  B.)  Beam is employed at Substance Abuse Treatment Facility, which is over 170

10  miles from Wilshire Boulevard.  Beam does not reside within 100 miles of Los

11  Angeles or regularly conduct business there.  The purported service on Beam was

12  made at California Department of Corrections and Rehabilitation's Office of Legal

13  Affairs in Sacramento, California.  (Subpoena to Beam at 2, Exhibit B.)  The

14  subpoena to Beam therefore violates federal rule of civil procedure 45(c)(1)(A), and

15  should be quashed.

16  / / /

17  / / /

18  / / /

19

20

21

22

23

24

25

26

27

28

4

1

**CONCLUSION**

2      The subpoenas directed to non-parties CDCR and Beam are improper and

3  should be quashed.

4  Dated:  November 19, 2024                    Respectfully submitted,

5                                              ROB BONTA
                                             Attorney General of California
6                                             JON S. ALLIN
                                             Supervising Deputy Attorney General
7

8                                              */s/ Jeremy Duggan*

9                                              JEREMY DUGGAN
                                             Deputy Attorney General
10                                            *Attorneys for Defendant*
                                             *J. Burnes and Non-Party California*
11                                           *Department of Corrections and*
                                             *Rehabilitation*
12
   SA2021304683
13 38556359.docx

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# EXHIBIT "A"

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California    ▼

| | |
|---|---|
| DORA SOLARES | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   1:21-cv-01349-LHR-BAM |
| JOSEPH BURNES, in his individual, and DOES 1 TO 15, in their individual capacities | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Person Most Knowledgeable (FRCvP 30(b)(6)), California Department of Corrections & Rehabilitation (CDCR); 1515 S. Street, Sacramento, CA 95811

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Law Offices of Erin Darling<br>3435 Wilshire Blvd., Suite 2910<br>Los Angeles, CA 90010 (via Zoom) | Date and Time:<br>12/09/2024    10:00 a.m. |
|---|---|

The deposition will be recorded by this method:    Stenographically and video/audio recording

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:    See Attachment

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/04/2024

_CLERK OF COURT_

OR

_____    _____
_Signature of Clerk or Deputy Clerk_        _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Dora Solares
_____ , who issues or requests this subpoena, are:

Erin Darling, 3435 Wilshire Blvd, Ste. 2910, Los Angeles, CA 90010; (323) 736-2230

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:21-cv-01349-LHR-BAM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* 11-05-2024

☒ I served the subpoena by delivering a copy to the named individual as follows: Sergey

Denjevich

_____ on *(date)* 11-05-24 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 40.00 .

My fees are $ 0 for travel and $ 0 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11-05-24

_____
*Server's signature*

Alexandra Darling, Esq.
*Printed name and title*

2315 Capitol Ave. Sacramento, CA 9583,
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Dora Solares v. Joseph Burnes, et al.*
Case No. 1:21-cv-01349-LHR-BAM
United States District Court – Eastern District of California
Subpoena for Deposition Appearance & Production of Records
California Department of Corrections & Rehabilitation (CDCR)

## <u>ATTACHMENT TO SUBPOENA</u>

### ** Issues for FRCP 30(b)(6) Agent Testimony **

1. Who was responsible for inappropriately transmitting evidence of the crime scene following the homicide of Luis Romero (H56733) in March 2019, and how did dissemination of photographic evidence of the Romero homicide occur.
2. The Internal Affairs Investigation into leaked photographs of the crime scene following the homicide of Luis Romero (H56733), including any findings stemming from Case Number C-COR-395-19-A.
3. Investigation into the email sent by erikBEAM@yahoo.com on June 18, 2019, that included an attachment bearing the file name "IMG_0345.JPG".

### **Records to be Produced**

1. Any and all writings, as defined by California Evidence Code § 250, regarding: determination as to which individuals participated in the transmission of evidence of the crime scene following the homicide of Luis Romero (H56733).
2. Any and all writings, as defined by California Evidence Code § 250, regarding: administrative findings against CDCR Correctional Lieutenant Erik Beam, and any other individuals, for the possession and/or transmission of evidence (including photographic images) pertaining to the homicide of inmate Luis Romero H56733).
3. The entire Internal Affairs Administrative Investigation Report (Case Number C-COR-395-19-A) in its entirety, including exhibits.

# EXHIBIT "B"

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Eastern District of California ☐ ▼

| | |
|---|---|
| DORA SOLARES | ) |
| _Plaintiff_ | ) |
| v. | ) |
| JOSEPH BURNES, in his individual, and DOES 1 TO 15, in their individual capacities | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   1:21-cv-01349-LHR-BAM

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                    Correctional Lieutenant Erik Beam

_____

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Law Offices of Erin Darling<br>3435 Wilshire Blvd., Suite 2910<br>Los Angeles, CA 90010 (via Zoom) | Date and Time: 12/12/2024          10:00 a.m. |
|---|---|

The deposition will be recorded by this method:   Stenographically and video/audio recording

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all writings, as defined by California Evidence Code § 250, regarding: administrative findings against CDCR Correctional Lieutenant Erik Beam for the possession and/or transmission of evidence pertaining to the homicide of inmate Luis Romero H56733), including Internal Affairs Administrative Investigation Report (Case Number C-COR-395-19-A)

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/04/2024

|  |  |  |
|---|---|---|
| _CLERK OF COURT_ | OR |  |
| _____ |  | _____ |
| _Signature of Clerk or Deputy Clerk_ |  | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Dora Solares
_____, who issues or requests this subpoena, are:

Erin Darling, 3435 Wilshire Blvd, Ste. 2910, Los Angeles, CA 90010; (323) 736-2230

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:21-cv-01349-LHR-BAM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* 11-05-2024 .

❏ I served the subpoena by delivering a copy to the named individual as follows: Sergey

Denievich _____

_____ on *(date)* 11-05-24 ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 40⁰⁰ .

My fees are $ Ø    for travel and $ Ø    for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: 11-05-24

_____
*Server's signature*

Alexandra Darling, Esq.
_____
*Printed name and title*

2315 Capitol Ave. Sacramento, CA 95831
_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "C"

| | |
|---|---|
| **From:** | Erin Darling |
| **To:** | Jeremy Duggan; David Kuchinsky |
| **Cc:** | Law Offices of Justin E. Sterling |
| **Subject:** | Solares (1:21-cv-01349-LHR) - subpoenas |
| **Date:** | Wednesday, November 6, 2024 3:02:31 PM |
| **Attachments:** | Subpoeana PMK 30b6.pdf |
| | Subpoena Erik Beam.pdf |

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Counsel-

Please see served subpoenas for depositions of the Person Most Knowledgeable (FRCP 30(b)(6)) and Erik Beam for December 9 and 12, respectively.

Best,

Law Offices of Erin Darling
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(323) 736-2230
ErinDarlingLaw.com